**PRICE LAW GROUP, APC**
David A. Chami, AZ #027585
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
P: 818-907-2133
Fax: 866-401-1457
david@pricelawgroup.com
*Attorneys for Plaintiff Latrice Cannon*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LATRICE CANNON,<br><br>        Plaintiff,<br><br>   vs.<br><br>FIFTH THIRD BANK; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and EQUIFAX INFORMATION SERVICES LLC<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATION OF:**<br><br>THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.] |

## INTRODUCTION

1. Latrice Cannon ("Plaintiff") bring this action to secure redress from Fifth Third Bank ("Fifth"), Trans Union LLC ("TransUnion"), Experian Information Solutions Inc. ("Experian"), and Equifax Information Services LLC ("Equifax") (herein collectively as "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and their agents for their illegal reporting on Plaintiff's credit reports.

///

///

# PARTIES

2. Plaintiff Latrice Cannon is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently reside in: Maricopa County, Arizona.

3. Defendant, Fifth is a mortgage company that offers servicing, origination, and transaction-based real estate services, including homeowners, home buyers, home sellers, investors, and other real estate market participants. Fifth's main office is located in Cincinnati, Ohio and regularly transacts business throughout the United States including Arizona and can be served through its registered agent Corporation Service Company located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

4. Fifth is in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b). In addition, Fifth engages in the practice of collecting debts defined in 15 U.S.C. 1692a(6).

5. TransUnion is a *credit reporting agency*, as defined in 15 USC 1681a(f) and RCW 19.182.010(5). On information and belief, TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. TransUnion can be served through

COMPLAINT AND DEMAND FOR JURY TRIAL

its registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

6. Defendant, Experian is a *credit reporting agency*, as defined in 15 USC 1681a(f) and RCW 19.182.010(5). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian can be served through its registered agent CT Corporation System located at 3800 N Central Ave., Suite 460, Phoenix Arizona 85012.

7. Defendant, Equifax Information Services LLC is a *credit reporting agency*, as defined in 15 USC 1681a(f) and RCW 19.182.010(5). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Equifax can be served through its registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

8. On information and belief, TransUnion, Experian, and Equifax disburse the *consumer reports* to third parties under contract for monetary compensation.

9. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

10. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. 1681.

11. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendants transact business in this district,

12. as such personal jurisdiction is established.

## FACTUAL ALLEGATIONS

13. In or around May 2006 Plaintiff purchased a home located at 5435 West Pecan Rd., Laveen, AZ 85339 (hereinafter the "Property").

14. Shortly after Plaintiff purchased the property the United States real estate market crashed along with many financial institutions causing severe hardship on many Americans including Plaintiff.

15. Plaintiff continued to make her mortgage payment throughout 2007, 2008, and a majority of 2009 despite the fact that the home was significantly under water.

16. Plaintiff purchased the Property for $247,093.00 and obtained a first mortgage from Bank United FSB and a second mortgage with Home Equity of America Inc.

17. Thereafter, the second mortgage was sold or transferred to Fifth.

18. The mortgages were used to purchase the Property; therefore, they are considered "Purchase Money" and subject to Arizona Anti-Deficiency laws.

19. On or about September 2009, Plaintiff stopped making mortgage payments to Fifth; who had either purchased the debt or was acting as the mortgage servicer.

20. In 2010, Plaintiff listed the Property for sale in an attempt to avoid foreclosure and minimize the losses that would follow to the mortgage holders.

21. On or about June 2010, Plaintiff submitted a contract for sale of the home totaling $102,000.00.

22. The sale was rejected by Fifth because it was unwilling to accept the short payoff.

23. Ultimately, the Property was foreclosed upon in October 2010 for a sale price of $83,200.00.

24. Pursuant to Arizona Revised Statute §33-814(G) Defendant Fifth would not have any rights to collect on the deficiency balance of this purchase money loan obtained by Plaintiff.

25. Unbeknownst to Plaintiff, Fifth began unlawfully reporting the debt on Plaintiff's credit report as a Charge Off and continued to do so every month following the foreclosure.

26. In or around February 2015, nearly 5 years after the foreclosure, Plaintiff attempted to qualify for a mortgage loan to purchase a home; however, she was advised that she would be unable to obtain such a loan.

27. Plaintiff, at that time, learned of the inaccurate reporting by Fifth.

28. On or about August 17, 2015, in an effort to correct the inaccurate information, Plaintiff sent a dispute letter to Defendants TransUnion, Equifax and Experian.

29. The dispute letters explained that the Property had been foreclosed on and further explained that there could be no late reporting; rather the reporting should show that the account was foreclosed on or about September 2010.

30. By electing to reject the short sale payoff, the mortgage holders gave up the right to pursue any deficiency balance.

31. Despite the detailed information provided to Defendants TransUnion, Equifax and Experian, no changes were made.

32. Defendant TransUnion sent Plaintiff a response dated August 21, 2015 where it showed that Plaintiff allegedly owed a balance of $48,505.00 to Defendant Fifth and that the payment status was "Charge Off".  However, the Property had been foreclosed upon nearly five years prior.

COMPLAINT AND DEMAND FOR JURY TRIAL

33. Defendant TransUnion again sent Plaintiff a response dated September 10, 2015, less than one month after its initial response to Plaintiff, and showed an alleged balance owed to Fifth in the amount of $65,277.00; this was nearly $17,000.00 higher than the balance owed the previous month.

34. Defendant Equifax sent Plaintiff a response regarding Fifth on August 31, 2015 showing that Plaintiff's account with Fifth was "charged off" and that Plaintiff had a past due balance of $65,277.00.

35. Defendant Experian sent Plaintiff a response regarding the Fifth trade line on August 26, 2015 and showed that the status of the account was "charge off" with a balance of $48,505.00.

36. Defendant Experian again wrote to Plaintiff on September 9, 2015 stating that the status of the account was "charge off" and that $48,505.00 was written off and that $65,277.00 was past due. Within a few days, the balance had increased by nearly $17,000.00.

37. On or about September 17, 2015, not having resolved the incorrect reporting, Plaintiff sent a letter to Defendant Fifth regarding the incorrect reporting. No response was received by Plaintiff.

38. On or about September 17, 2015 Plaintiff sent another letter to Defendants TransUnion, Equifax and Experian disputing the incorrect reporting regarding the Fifth account.

39. Defendant TransUnion sent Plaintiff a response dated October 1, 2015, stating that their investigation was complete and again continued to report that the Fifth account was charged off with a balance owing and past due.

40. Similarly, Defendant Equifax sent Plaintiff a response regarding Fifth on October 6, 2015 showing that Plaintiff's account with Fifth was "charged off" and that Plaintiff had a past due balance of $65,546.00; an amount higher than what Equifax had previously allegedly verified in September of 2015.

41. Plaintiff received no response to her dispute letter dated September 17, 2015 from Defendant Experian.

42. On or about October 16, 2015, Plaintiff sent another letter to Defendant Fifth request once again that Defendant Fifth correct the incorrect reporting to Defendants TransUnion, Equifax and Experian.

43. On October 15, 2015 and October 22, 2015, Defendant Fifth replied to Plaintiff stating that it was researching the matter. Defendant Fifth never sent a letter stating the result of its research or that it would correct the matter.

44. On or about October 16, 2015, Plaintiff sent Defendants TransUnion, Equifax and Experian a third dispute letter regarding the Fifth account. Once again, no changes were made by said Defendants.

45. On November 6, 2015, Defendant Experian sent a consumer report which reported the Fifth account as Paid, closed with $48,505 written off; Experian

further indicated that the updating was related from Plaintiff's dispute in August of 2015.

46. On or about November 16, 2015, Plaintiff sent her fourth dispute letter to Defendants TransUnion, Equifax and Experian. Again, Defendant TransUnion and Equifax continued to report the Fifth account as "charged off" with a balance owed; Experian had finally removed the balance from Plaintiff's credit report but Plaintiff had not yet received the reply when sending her fourth dispute.

47. On November 26, 2015 Equifax responded to Plaintiff's fourth dispute. This time Equifax removed the balance but owed, but continued to report the account as a charge off and failed to indicate that the account was closed.

48. On December 1, 2015 Defendant Trans Union responded to Plaintiff's dispute but continued to report a $65,957.00 balance as well as the account being a charge off.

49. On or about December 24, 2016, Plaintiff sent Defendant TransUnion her fifth dispute letter. That letter was certified with tracking number 70150640000392842205.

50. On January 7, 2016, Defendant TransUnion received the dispute letter.

51. On January 15, 2016 Defendant TransUnion responded to Plaintiff's dispute letter and yet again did not change the incorrect reporting regarding the Fifth

account. Instead, the balance due on this alleged "charged off " account had gone up to $66,293.00.

52. On or about December 24, 2016, Plaintiff sent Defendant Equifax her fifth dispute letter. That letter was certified with tracking number 70150640000392842212.

53. On January 5, 2016, Defendant Equifax received the dispute letter.

54. On January 14, 2016, Defendant Equifax responded to Plaintiff's dispute letter and yet again did not change the incorrect reporting regarding the Fifth account. In fact, this time the balance reappeared (despite having been removed in November) and according to Equifax the balance due on the Fifth account had risen to $66,293.00.

55. Between October 2010, when the Property was foreclosed to the present, Defendant Fifth continues to charge interest on this account.

56. Defendant Fifth is willfully ignoring the fact that the account is subject to Arizona Revised Statute §33-814(G), which prohibiting collection of a balance on a purchase money loan.

57. Defendant Fifth continues to report misleading information on Plaintiff's credit report.

58. By reporting the account as a Charge off the Defendants mislead prospective lenders to believe that there is a collectable balance owed.

59. By reporting a balance owed, Defendants mislead prospective lenders to believe that Plaintiff may be sued on the debt.

60. The reporting by Defendants and each of them has caused Plaintiff to not qualify for a mortgage loan and further has caused Plaintiff severe emotional distress and mental anguish.

## FIRST CAUSE OF ACTION
### All Defendants
### Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.*

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The FCRA requires a furnisher such as Fifth, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

63. Since October 2010 and until the present, Fifth has provided inaccurate information to the credit reporting agencies.

COMPLAINT AND DEMAND FOR JURY TRIAL
- 11 -

64. During that time, Plaintiff notified Defendants that the reported payment history was inaccurate. Thereafter, the credit reporting agencies notified Defendant Fifth that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

65. Plaintiff also notified Fifth directly of the error on two separate occasions.

66. Defendant Fifth violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

   (a) Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   (b) Willfully and negligently failing to review all relevant information concerning Plaintiff mortgage;

   (c) Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

   (d) Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   (e) Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the credit reporting agencies; and

(g) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

67. Defendant Fifth's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

68. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

69. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

70. The Defendant, credit-reporting agencies, failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

71. The Defendant, credit-reporting agencies, failed to review and consider all relevant information submitted by Plaintiff.

72. The Defendant, credit reporting agencies, failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

73. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

74. The Defendant, credit-reporting agencies, violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

///

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against Defendant for the following:

A. Actual damages;

B. Statutory damages;

C. Punitive Damages;

D. Costs and reasonable attorney's fees;

E. Any pre-judgment and post judgment interest as may be allowed under the law; and

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

DATED this 23rd day of May, 2016,

**PRICE LAW GROUP, APC**

By: */s/David A. Chami*

David A. Chami, AZ #027585
*Attorneys for Plaintiff Latrice Cannon*